# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3677

_____

Judith Trackwell,                              *
                                               *
            Plaintiff,                         *
                                               *
Mary C. Wickenkamp,                            *
                                               *
            Appellant,                         *
                                               *  Appeal from the United States
      v.                                       *  District Court for the
                                               *  District of Nebraska.
B & J Partnership; Clay F. Smith;              *
William D. Smith; A. Joyce Smith;              *      [UNPUBLISHED]
HomeServices of Nebraska, Inc.,                *
                                               *
            Defendants,                        *
                                               *
Cline, Williams, Wright, Johnson               *
& Oldfather, L.L.P.,                           *
                                               *
            Appellee.                          *

_____

Submitted: April 26, 2011
Filed: May 2, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mary Wickenkamp appeals the district court's[1] order denying her request, pursuant to Fed. R. Civ. P. 60(b)(4), to vacate a 2006 judgment that imposed sanctions against her.

After carefully reviewing the record de novo, see Johnson v. Arden, 614 F.3d 785, 799 (8th Cir. 2010), we conclude that relief was not available under Rule 60(b)(4) for the reasons explained by the district court. See Perkins v. Gen. Motors Corp., 965 F.2d 597, 599 (8th Cir. 1992) (district court did not lose jurisdiction to enforce sanctions order against plaintiff and her counsel after parties settled underlying case; sanctions order was collateral to merits); Harlan v. Lewis, 982 F.2d 1255, 1257, 1259 (8th Cir. 1993) (federal courts' inherent power to discipline included power to impose sanction against attorney for impermissible and unethical conduct during litigation); see also Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1279 (10th Cir. 2005) (basic requirements of due process with respect to assessment of costs, expenses, or attorney fees are notice that such sanctions are being considered by court and subsequent opportunity to respond). Accordingly, we affirm. See 8th Cir. Rule 47B. We also grant the pending motion to substitute as appellee Cline, Williams, Wright, Johnson & Oldfather, L.L.P., the real party in interest with regard to the sanctions judgment. See Fed. R. App. P. 43(b).

_____

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

-2-